# IN THE SUPREME COURT OF THE STATE OF NEVADA

TAMMY BONNER,
Appellant,
vs.
CITY OF NORTH LAS VEGAS; AND
LOCAL GOVERNMENT EMPLOYEE-
MANAGEMENT RELATIONS BOARD,
Respondents.

No. 76408

FILED

JUN 3 0 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a petition judicial review of an administrative decision in an employment discrimination matter. First Judicial District Court, Carson City; James Todd Russell, Judge.

In 2014, appellant Tammy Bonner filed a complaint against her employer, respondent City of North Las Vegas, alleging discrimination due to a salary dispute. Later that same year, Bonner and the City reached a settlement to resolve the dispute. Within a month of the settlement, the City began looking into outsourcing its entire Human Resources (HR) department as a cost-cutting measure to alleviate its budgetary constraints. After outsourcing the HR department to a private company, the City's eight HR employees were either transferred to other positions, voluntarily ended their employment with the City, or were laid off. The City was unable to transfer Bonner to another position so she was laid off.

Bonner filed a complaint with respondent Employment Management Relations Board (EMRB), alleging that her termination by the City was discriminatory against her in violation of NRS 288.270(1)(d) and (f). Following a three-day hearing, the EMRB ruled against Bonner.

20-24228

Bonner filed a petition for judicial review, which the district court denied, and this appeal followed.

On appeal, Bonner challenges the denial of her petition, asserting that the EMRB's decision was in error because the City did not sufficiently rebut her prima facie case and, even if it did, she provided sufficient evidence of pretext. She further argues that a procedural error involving a motion to reopen deliberations on her case at a later EMRB meeting render the final EMRB decision arbitrary and capricious.

"This court, like the district court, gives considerable deference to rulings by the Employee Management Relations Board." *Bisch v. Las Vegas Metro. Police Dep't*, 129 Nev. 328, 334, 302 P.3d 1108, 1112 (2013). This court "review[s] an administrative agency's factual findings for clear error or an arbitrary abuse of discretion and will only overturn those findings if they are not supported by substantial evidence." *City of N. Las Vegas v. Warburton*, 127 Nev. 682, 686, 262 P.3d 715, 718 (2011) (internal quotation marks omitted). "Substantial evidence is evidence which a reasonable mind might accept as adequate to support a conclusion." *Nev. Pub. Emps. Ret. Bd. v. Smith*, 129 Nev. 618, 624, 310 P.3d 560, 564 (2013) (internal quotation marks omitted). This court will not reweigh the evidence or reassess witness credibility, nor substitute its judgment for that of the administrative judge's. *Bisch*, 129 Nev. at 342, 302 P.3d at 1118.

"[A]n aggrieved employee must make a prima facie showing sufficient to support the inference that protected conduct was a motivating factor in the employer's decision." *Bisch*, 129 Nev. at 340, 302 P.3d at 1116 (internal quotation marks omitted). After the employee establishes his or her prima facie showing, "the burden of proof shifts to the employer to demonstrate by a preponderance of the evidence that the same action would

have taken place even in the absence of the protected conduct." *Id.* (internal quotation marks omitted). "The aggrieved employee may then offer evidence that the employer's proffered legitimate explanation is pretextual and thereby conclusively restore the inference of unlawful motivation." *Id.* (internal quotation marks omitted).

In this case, the EMRB found that Bonner made a prima facie showing sufficient to support the inference that her complaint and subsequent settlement were "at least a motivating factor in the City's decision" to outsource its HR department. But, the EMRB found, the City met its burden of proof by providing a nondiscriminatory justification for terminating Bonner. The EMRB further concluded that Bonner did not present sufficient evidence of a pretextual reason for the outsourcing.

On appeal, Bonner contends that even if the City could demonstrate that it outsourced the HR department as a cost-saving measure, that showing was deficient as a matter of law because the City did not explain why it deliberately violated its own municipal code. She further argues that the timing of her settlement and the City's decision to outsource the HR department shows pretext, making the EMRB's decision arbitrary and capricious. We disagree.

As the EMRB recognized in its decision, interpretation of the City's municipal code is beyond its jurisdiction. *See* NRS 288.110(2) (stating that the EMRB hears and determines complaints arising out NRS Chapter 288); *UMC Physicians' Bargaining Unit of Nev. Serv. Emps. Union v. Nev. Serv. Emps. Union/SEIU Local 1107*, 124 Nev. 84, 90, 178 P.3d 709, 713 (2008) (limiting the EMRB's jurisdiction to hearing complaints arising out of NRS Chapter 288). The EMRB found by a preponderance of the evidence that the City would have moved forward with outsourcing its HR

department "even in the absence of the protected conduct[ ]." The evidence in the records shows that the City's actions affected the entire eight-person staff in its HR department, not just Bonner. The City also presented substantial evidence that the outsourcing was for cost-reduction purposes and not in retaliation for Bonner's complaint and subsequent settlement. In response to Bonner's argument that the City treated her differently than it treated other employees in the HR department by terminating her rather than relocating her to another department following the outsourcing, the EMRB found, and the record supports, that the City adequately demonstrated that there was no position available for Bonner to transfer to. Thus, substantial evidence supports the EMRB's findings that the City provided a nondiscriminatory justification for terminating Bonner, and that Bonner failed to present sufficient evidence of a pretextual reason for the outsourcing.[1]

Bonner also challenges the EMRB's decision because it failed to reopen deliberations in her case after a motion to do so was made by a board member. The EMRB announced its decision in Bonner's case during its January 2017 meeting. During its February 2017 meeting, the EMRB chairman moved to reopen deliberations in Bonner's case, but the motion was not seconded and the case was not reopened. Bonner contends this procedural error shows that the EMRB acted arbitrarily and capriciously in

[1]Bonner urges this court to adopt the federal approach to judicial review requiring the agency to explain its reasoning. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014)). Bonner contends EMRB failed to explain how it concluded that she did not offer sufficient evidence of pretext in the majority decision, or explain how she failed to prove a prima facie case in the concurrence. However, we disagree that the EMRB's decision lacks explanation, and we thus decline to adopt federal court's approach in this case.

making its decision. The EMRB argues that Bonner has improperly raised this argument in in her petition for judicial review. We agree.

Nevada's Administrative Procedure Act provides for judicial review of a final decision for, among other things, unlawful procedure in a "contested case," not a motion to reopen deliberations in a subsequent administrative proceeding after a final decision is rendered. *See* NRS 233B.135 (outlining the procedure for judicial review of final administrative decisions); NRS 233B.032 (defining "contested case"). In addition, Bonner did not attend the February 2017 meeting or otherwise object or challenge the alleged procedural error before the EMRB; thus, Bonner has waived this argument.[2] *See State ex rel. State Bd. of Equalization v. Barta*, 124 Nev.

----

[2]Bonner additionally argues that her primary argument before the EMRB was that the City's actions failed *Bisch*'s reasonableness standard because the City's down-sizing was unlawful under NRS 288.150(3)(b) ("Those subject matters which are not within the scope of mandatory bargaining and which are reserved to the local government employer without negotiation include . . . [t]he right to reduce in force or lay off any employee because of lack of work or lack of money . . . ."). However, Bonner failed to properly plead this cause of action in her complaint before the EMRB. *See* NAC 288.231(1)(g) (detailing that pleadings before the EMRB "must . . . [s]et forth a clear and concise statement of the matters relied upon as a basis for the action or relief requested and an appropriate prayer"). Nor did Bonner seek leave to amend her complaint, file a motion to reconsider, or otherwise file a motion for rehearing once she learned of the City's justification for restructuring the HR department. *See* NAC 288.364 (detailing the EMRB's rehearing procedure); NAC 288.368 (detailing the EMRB's modification procedure of a final judgment following a rehearing). Thus, this argument is waived on judicial review. *See Barta*, 124 Nev. at 621, 188 P.3d at 1098. Regardless, we note that even if Bonner had pleaded this cause of action in her complaint, she could not have relied on NRS 288.150(3)(b) as she was not a member of a union entitled to collective bargaining. *See* NRS 288.170(4) ("Confidential employees of the

SUPREME COURT
OF
NEVADA

(O) 1947A

5

612, 621, 188 P.3d 1092, 1098 (2008) ("Because judicial review of administrative decisions is limited to the record before the administrative body, we conclude that a party waives an argument made for the first time to the district court on judicial review." (footnote omitted)).

For these reasons, we conclude the EMRB's decision was not affected by clear error or an abuse of discretion and the district court properly denied Bonner's petition for judicial review. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. James Todd Russell, District Judge
       Persi J. Mishel, Settlement Judge
       Law Office of Daniel Marks
       Attorney General/Las Vegas
       Kamer Zucker Abbott
       Carson City Clerk

---

local government employer must be excluded from any bargaining unit but are entitled to participate in any plan to provide benefits for a group that is administered by the bargaining unit of which they would otherwise be a member.").